**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TOMMY SELLS,**

          **Plaintiff,**

**-vs-**                                             **Case No. 6:03-cv-1033-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 26-1)**
>
> **FILED:** April 18, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff filed his Complaint seeking reversal of the Commissioner's decision denying his disability based on lower back problems. Doc. No. 1. Plaintiff submitted to the Appeals Council for the first time, at least six months after the Administrative Law Judge's decision was final, additional medical records from February 2003 and March-April 2002, which included records of an attempted suicide and diagnosis of depression. *See* Doc. No. 14 at 2.

The Court reversed and remanded the decision under sentence six of 42 U.S.C. § 405(g) for the Administrative Law Judge to reassess Plaintiff's maximum residual functional capacity after considering the medical records. Doc. No. 14 at 8. Proceedings before the Commissioner resulted in a favorable decision that Plaintiff was disabled beginning March 1, 2002, and the parties jointly moved to affirm that decision. Doc. No. 22, 23. The Motion to Affirm was granted (Doc. No. 24) and judgment was entered in favor of Plaintiff. Doc. No. 25. Plaintiff now moves for $2,503.56 in attorney's fees and $197.74 in costs and expenses, under the Equal Access to Justice Act.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Petition is opposed by the Commissioner. The Commissioner contends that Plaintiff is not entitled to any award of attorney fees or costs under the EAJA because the Commissioner was substantially justified in the instant case. The Commissioner contends that the Court remanded this case not on the merits, but because new and material evidence of a significant mental impairment came into existence after the ALJ issued his decision; the Court never even reached the issue of whether substantial evidence supported the ALJ decision – finding no disability from lower back problems – that was before the Court, but instead remanded the case to the Commissioner under sentence six, so the ALJ could issue a new decision after evaluating the new evidence.

As the Court determined in the Order remanding the case to the Commissioner, the remand was based on new evidence:

> In this case, Plaintiff testified at the hearing that he had had thoughts of "suicide and what I'm going to do." R. 57. He also testified to having developed a very bad temper but not yet seeking any treatment for depression. R. 57-59. This testimony was not explored any further by the ALJ. While the ALJ noted Plaintiff's testimony regarding depression in his decision, he discredited the testimony because the examining physician's report (which appeared to be limited to physical and not mental examination) indicated that claimant had no functional limitations due to any mental impairment. R. 25 (citing report of Dr. Ziegler, M.D., an orthopaedist, not a psychologist).
>
> Within six months of the ALJ's unfavorable decision, Plaintiff was committed under the Baker Act for an apparent suicide attempt on March 1, 2002, when Plaintiff put a gun to his head, shot the gun but missed, and took a possible overdose of pills. R. 322-28, 336-39. Plaintiff was diagnosed on March 12, 2002 with major depressive disorder following his suicide attempt and Plaintiff reported taking his medication but not seeing improvement. R. 464-65. There is also a report of a history of self-mutilating behaviors prior to the suicide attempt, documented on February 7, 2002. R. 467. Plaintiff was discharged from Circles of Care on March 1, 2002 with a diagnosis of depressive disorder, NOS, adjustment disorder with depressed mood and a Global Assessment of Functioning ("GAF") of 60. R. 471-73. Plaintiff's suicide attempt occurred six months after the ALJ issued his decision, *but more than one year before the AC denied review*. Plaintiff subsequently submitted these records to the Appeals Council in April 2002 and February 2003, well before the Appeals Council denied review on June 9, 2003.

Doc. No. 14 (emphasis added). A sentence-six remand[1] may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). Most telling about the lack of error *by the ALJ* is the amendment by Plaintiff of his onset date from April 1999 to March 1, 2002, or more than six months after the ALJ's original decision dated October 11, 2001. Doc. No. 23-2 at 5 (ALJ's October 22, 2005 decision). However, it is equally clear to the Court that the Appeals Council had before it new,

---

[1] With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact, *Jackson*, 99 F.3d at 1095; or, as in this case, to seek affirmance of a decision favorable to Plaintiff.

noncumulative, material evidence of Plaintiff's severe depression and suicide attempt and Baker Act commitment and failed to remand the case to the ALJ for a new decision. Plaintiff's Complaint and Memorandum of Law properly argued that the Appeals Council had erred in not remanding the case for consideration of the new evidence of Plaintiff's mental impairment. *See* Doc. No. 1; Doc. No. 10 at 11.

In *Williams v. Halter*, the court discussed the Appeals Council's responsibility to consider new evidence when a plaintiff appeals an ALJ's decision:

> The district court also must consider the new evidence in determining whether the Commissioner erred in denying review of the ALJ's decision. . . . Where a claimant exhausts his administrative remedies by requesting review by the Appeals Council and the Appeals Council then denies review, the Appeals Council's order denying review is a "final decision" of the Commissioner under § 405(g). The Appeals Council "will" review a case if there appears to be an abuse of discretion by the ALJ, if there is an error of law, or if the ALJ's action, findings, or conclusions are not supported by substantial evidence. 20 C.F.R. § 416.1470. The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence. Just as the ALJ has a duty to investigate the facts and to develop the arguments both for and against the granting of benefits, the Appeals Council's review is similarly broad. The Appeals Council, not the claimant, has the primary responsibility for identifying and developing the issues. *When the Appeals Council refuses to consider new evidence submitted to it and denies review, the Appeals Council's decision denying review is subject to judicial review.* 20 C.F.R. §§ 404.970(b); 416.1470(b). Furthermore, the Appeals Council commits reversible error when it refuses to consider new evidence and then denies review.

135 F.Supp.2d 1225, 1231-32 (M.D. Fla. 2001) (emphasis added; case citations omitted). The Commissioner's Response to Plaintiff's Motion for Attorney's Fees does not address whether the Appeals Council's refusal to consider Plaintiff's new evidence was substantially justified.

Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim "prevailing party" status, a favorable result in subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant. *See Jackson v. Chater,* 99 F.3d 1086, 1097

(11th Cir. 1996) (where a claimant succeeds after sentence-six remand in obtaining a favorable judgment, the claimant will be a prevailing party under that judgment."). A claimant is entitled to receive attorney's fees unless the Commissioner can establish that her position was "substantially justified" or that there exist "special circumstances" which countenance against the awarding of fees. *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir. 1990). "Substantially justified" means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). According to the EAJA:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court finds that Plaintiff is the prevailing party, and there was error by the Appeals Council in not granting a remand to the ALJ for consideration of the new evidence included in the record after the ALJ's decision. An award of fees is appropriate given the Appeals Council's refusal to consider Plaintiff's new evidence and remand the case to the ALJ for further proceedings. Failure to consider the new evidence and remand the matter was a decision not substantially justified. Moreover, once the appeal was filed, the Commissioner could have recognized this error and filed a Motion to Remand rather answer, which would have allowed the new evidence to be considered.

Plaintiff seeks an award of attorney's fees in the amount of $2,503.56 for 16.80[2] hours of work. Plaintiff calculates this at the rate of $159.20 per hour ($125.00 adjusted for cost of living

---

[2] Plaintiff's counsel failed to break down the hours sought to be reimbursed aggregated by year incurred.

increase of 27.36% (Consumer Price Index)) for 1.55 hours of work expended in 2006; $151.65 per hour ($125.00 adjusted for CPI increase of 21.32%) for 1.0 hours expended in 2004; $147.73 per hour ($125.00 adjusted for CPI increase of 18.18%) for 14.25 hours expended in 2003.  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 32, Ex. 1 (CPI table).  Upon review of the supporting papers filed by Plaintiff and there being no objection to the amount of hours or hourly rate by the Commissioner, the Court finds that these sums are reasonable.  It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$2,503.56** for attorney's fees, **$47.74** for expenses, and **$150.00** for costs.

    **DONE** and **ORDERED** in Orlando, Florida on May 31, 2006.

*David A. Baker*

    DAVID A. BAKER
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record